THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* JERRY BUFFUM, APPELLANT, IMPLEADED WITH LEWIS BUFFUM.

*Excise law — selling liquor without a license — a servant is protected by his master's license — a conviction cannot be had for the offense of selling liquor without a license, under an indictment so charging, when the offense proved was of selling liquor to be drunk on the premises in violation of a storekeeper's license.*

APPEAL from a judgment of the Court of Sessions of Broome county, convicting the defendant of selling liquor without a license, and from an order denying a motion for a new trial, made upon a case and exceptions.

. Lewis Buffum and Jerry Buffum were indicted. The indictment has several counts; of which the first is that the defendants sold spirituous liquors on the 15th of January, 1881, and at divers times between that date and the date of the indictment, in quantities less than five gallons, without having a license. On the trial it appeared that Lewis Buffum obtained a license about May, 1880, such as is called a storekeeper's license, that is, a license to sell liquors in quantities less than five gallons, but not to be drank on the premises. And Jerry Buffum was the agent or servant of Lewis Buffum. A new license was granted May or June, 1881, which was to Jerry Buffum. The alleged sales were between January 15, 1881, and the date of the new license. There was proof tending to show that after January 15, 1881, and in January or February, 1881, Jerry Buffum sold liquors to be drunk on the premises. The court discharged Lewis Buffum and held that the indictment could not be sustained by proof of sales made after June 2, 1881.

The court charged that the license to James Buffum did not protect Jerry Buffum in selling outside the license; that if between January 15, 1881, and the date of the new license (May or June, 1881) Jerry Buffum sold liquors to be drunk on the premises, he was guilty of the offense charged in the first count. The defendant excepted, and the jury found the defendant guilty under the first count. He was therefore convicted of selling liquors in quantities less than five gallons without having a license.

The court at General Term said: "This is contrary to *Huffstater* v. *People* (12 Sup. Ct. N. Y. [5 Hun], 23), where it was held that under an indictment like the present the accused could not be convicted by proof that he had a storekeeper's license but sold liquors to be drunk on the premises. He was indicted for one offense and convicted of another. This would be the law as to Lewis Buffum. It must be the law also as to his servant or agent. He was entitled to the benefit of his master's house. The license which protected his master protected him, so that he was not guilty of selling without a license.

"It is true that the license did not protect either Lewis Buffum or Jerry Buffum in selling outside the license. But the difficulty is that the indictment charged the selling without any license at all;

and it does not charge the selling liquor to be drunk on the premises. The premise disproves the offense charged and proves an offense not charged."

*Alexander Cumming*, for the appellant.

*D. H. Carver*, district-attorney, for the people.

Opinions by LEARNED, P. J., and LANDON, J.

Present — LEARNED, P. J., BOARDMAN and LANDON, JJ.

Judgment and conviction reversed and new trial granted.